CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
March 25, 2025
LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
       DEPUTY CLERK

IN THE UNTIED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JOHN HUNTER ALEXANDER, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:23-cv-00205 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| DEPUTY ZACH CLARKSON, *et al.*, | ) | By:   Hon. Thomas T. Cullen |
| | ) |        United States District Judge |
| Defendants. | ) | |

Plaintiff John Hunter Alexander ("Alexander"), a Virginia inmate proceeding *pro se*, brings this civil action under 42 U.S.C. § 1983 against Sheriff's Deputy Zach Clarkson ("Deputy Clarkson"), the County of Amherst ("County"), and several Amherst County Administrators, including Jeremy Bryant, Kristen M. Freeman, Joy L. Niehaus, and David Proffitt (collectively the "Administrators"). This matter is before the court on the County and Administrators' (collectively "Defendants") motion to dismiss, which they filed on May 20, 2024. (*See* ECF No. 51.) On June 10, Alexander filed a response to the motion (ECF No. 57),[1] and on June 17, the Defendants filed a reply (ECF No. 58).[2] On June 26, Alexander also filed an additional response. (ECF No. 60.) After review of the motion, for the reasons explained

---

[1] Alexander's response does not present any arguments as to whether the claims against the County and the Administrators are proper, rather he reiterates and expands upon the incident involving Deputy Clarkson and outlines the evidence he anticipates will support that claim. (*See* ECF No. 57.)

[2] In their reply, Defendants urge the court, in light of Alexander's response being void of any mention of these defendants, to consider this a failure to respond to their motion and, accordingly, find that Alexander has waived any opposition to the motion or has conceded the issue. (*See* ECF No. 58.) Though that may be true, in the interest of justice and given Alexander's *pro se* status, the court will not consider his opposition waived. In any event, the court will also accept Alexander's subsequent reply (ECF No. 60) as a proper response as to these Defendants. Accordingly, the court will address the merits of the motion.

below, the court will grant Defendants' motion.

## I.

Alexander alleges that on May 19, 2021, after an "unjust" traffic stop, Deputy Clarkson used excessive force against him during his arrest. (Am. Compl. at 1–4 [ECF No. 23].) As a result of Deputy Clarkson's use of force, Alexander alleges that he has suffered a "sever[e]" broken arm that has required multiple surgeries and still has not healed. (*Id.* at 3.) As it relates to the County, Alexander asserts only that the County "is responsible for the actions of the Amherst County Sherriff's Office . . . [and] for the safety of its residents and for their protection by law and constitutional rights." (*Id.* at 4.) As to the Administrators, Alexander asserts only that each "is responsible for the actions of public servants and elected officials" in Amherst County. (*Id.* at 5.)

## II.

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint to determine whether the plaintiff has properly stated a claim; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). In considering a Rule 12(b)(6) motion, a court must accept all factual allegations in the complaint as true and must draw all reasonable inferences in favor of the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Legal conclusions in the guise of factual allegations, however, are not entitled to a presumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

Although a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions,

and a formulaic recitation of a cause of action's elements will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and quotations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level," with all the allegations in the complaint taken as true and all reasonable inferences drawn in the plaintiff's favor. *Id.*; *see Chao v. Rivendell Woods, Inc.*, 415 F.3d 342, 346 (4th Cir. 2005). Rule 12(b)(6) does "not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Consequently, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679 (citing *Twombly*, 550 U.S. at 556). A claim is plausible if the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and if there is "more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678.

To allow for the development of a potentially meritorious claim, federal courts have an obligation to construe *pro se* pleadings liberally. *See, e.g., Boag v. MacDougall*, 454 U.S. 364, 365 (1982). Moreover, "liberal construction of the pleadings is particularly appropriate where . . . there is a *pro se* complaint raising civil rights issues." *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978); *see also Smith v. Smith*, 589 F.3d 736, 738 (4th Cir. 2009). Nevertheless, "[p]rinciples requiring generous construction of *pro se* complaints are not . . . without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). "A *pro se* plaintiff still must allege facts that state a cause of action." *Scarborough v. Frederick Cnty. Sch. Bd.*, 517 F. Supp. 3d 569, 575 (W.D. Va. Feb. 8, 2021) (quoting *Bracey v. Buchanan*, 55 F. Supp. 2d 416, 421 (E.D. Va. 1999)).

## III.

To the extent that Alexander alleges that Defendants are liable for Deputy Clarkson's

use of force under a theory of supervisory liability, his allegations fail to state a cognizable § 1983 claim. Accordingly, the court will grant Defendants' motion to dismiss the claims against them.

### A. County Liability

Under § 1983, a "municipality or other local government may be liable . . . if the governmental body itself subjects a person to a deprivation of rights or causes a person to be subjected to such deprivation." *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (internal quotation omitted). Crucially, a local government is only responsible for its *own* illegal acts and is not vicariously liable for an agent's actions. *See id.*; *Perry v. Pulaski County*, No. 7:23-cv-00226, 2023 WL 8006870, at *1 (W.D. Va. Nov. 17, 2023); *Morales v. Richardson*, 841 F. Supp. 2d 908, 913 (D. Md. 2012) ("Counties and other local governments cannot be held liable under § 1983 for injuries inflicted by their employees or agents based on the theory of respondeat superior."). It is well established that to allege a § 1983 claim against a county, the plaintiff must allege that the action at issue—i.e., the alleged use of force by Deputy Clarkson—was one that "execute[s] a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers" or that represents governmental "custom." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690–91 (1978). Accordingly, "a plaintiff who asserts a § 1983 claim against a municipality for acts done by a municipal official or employee is obliged to identify a municipal policy, or custom that caused the plaintiff's injury." *Kendrick v. Albemarle County*, No. 7:21cv00141, 2022 WL 258483, at *3 (W.D. Va. Jan. 27, 2022).

In this case, Alexander does not allege or describe a municipal policy or custom that caused his injury. Instead, he "merely seeks to hold the County liable for actions taken by

members of the [Amherst] County Sherriff's Office." *Perry*, 2023 WL 8006870, at *1. Therefore, Alexander fails to state a cognizable claim against Amherst County, and his claim against the County will be dismissed.

## B. Administrator Liability

It is well established that supervisory government officials cannot be held liable under § 1983 for the actions of their subordinates solely on the basis of *respondeat superior*. *Monell*, 436 U.S. at 690–92. Nonetheless, a supervisory official may be liable for a subordinate's acts if the supervisor himself bears personal responsibility for those acts. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). "Liability in this context is not premised on *respondeat superior*, but on a recognition that supervisory indifference or tacit authorization of subordinates' misconduct may be a causative factor in the constitutional injuries they inflict on those committed to their care." *Slakan v. Porter*, 737 F.2d 368, 372 (4th Cir. 1984).

> To prevail on a claim for supervisory liability, a plaintiff must allege:
>
>> (1) that the supervisor had actual or constructive knowledge that [his] subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show "deliberate indifference to or tacit authorization of the alleged offensive practices"; and (3) that there was an "affirmative causal link" between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

*Wilkins v. Montgomery*, 751 F.3d 214, 226 (4th Cir. 2014) (quoting *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994)). Establishing a "pervasive" and "unreasonable" risk of harm under the first element requires evidence that the conduct is widespread, or at least has been used on several different occasions, and that the conduct engaged in by the subordinate poses an

unreasonable risk of harm of constitutional injury. *Slakan v. Porter*, 737 F.2d 368, 373–74 (4th Cir. 1984). A plaintiff may establish deliberate indifference by demonstrating a supervisor's "continued inaction in the face of documented widespread abuses." *Id.* at 373. Overall, "[t]he plaintiff . . . assumes a heavy burden of proof in supervisory liability cases," for "[h]e must not only demonstrate that the prisoners face a pervasive and unreasonable risk of harm from some specified source, but he must show that the supervisor's corrective inaction amounts to deliberate indifference or 'tacit authorization of the offensive [practices].'" *Id.* at 372 (quoting *Orpiano v. Johnson*, 632 F.2d 1096, 1101 (4th Cir. 1980)) (alteration in original). "[H]e cannot satisfy [this] burden of proof by pointing to a single incident or isolated incidents." *Id.*

Here, Alexander's allegations do not establish the necessary elements. Alexander's amended complaint relies on a general allegation that the Administrators are responsible for the actions of public servants and elected officials in Amherst County. (Am. Compl. at 5.) Alexander does not allege that the Administrators had actual or constructive knowledge that Deputy Clarkson engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to citizens like Alexander. Conclusory assertions that the Administrators should have known about the alleged unconstitutional conduct of Deputy Clarkson, standing alone, are not sufficient to state a claim for the personal liability against them. *See Jones v. Chapman*, No. ELH-14-2627, 2015 U.S. Dist. LEXIS 96562, at * 26 (D. Md. July 24, 2015). Accordingly, the court concludes that Alexander's allegations fail to state a viable § 1983 claim for supervisory liability against the Administrators.

## IV.

For the foregoing reasons, the court will grant Defendants' motion to dismiss and will

dismiss the claims against the County of Amherst, Jeremy Bryant, Kristen M. Freeman, Joy L. Niehaus, and David Proffitt. This action remains pending against Sheriff's Deputy Clarkson.

The Clerk is directed to send copies of this Memorandum Opinion and accompanying Order to the parties.

**ENTERED** this 24th day of March, 2025.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE